UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIZABETH MASCIANTONIO,<br><br>    Plaintiff,<br><br>v.<br><br>OPTUM SERVICES, INC.,<br><br>    Defendant. | Civ. Action No.<br>23-CV-10530-PGL |

REPORT AND RECOMMENDATION

LEVENSON, U.S.M.J.

  Defendant has moved, with Plaintiff's assent, to stay this case pending the parties' submission of their dispute to binding arbitration. Docket No. 8. The parties agree that the matters at issue are subject to arbitration. *Id.* at ¶ 5.

  A stay of proceedings is permissible when some or all claims in a case are subject to arbitration. However, the decision whether to grant such a stay is entrusted to the discretion of the court. The alternative is dismissal. *See Next Step Med. Co., Inc. v. Johnson & Johnson, Int'l*, 619 F.3d 67, 71 (1st Cir. 2010) ("Where one side is entitled to arbitration of a claim brought in court, in this circuit a district court can, in its discretion, choose to dismiss the lawsuit, if all claims asserted in the case are found arbitrable.").

  The parties suggest that it would be appropriate for the Court to "retain jurisdiction to confirm the arbitration award, if any, and enter judgment, if any, for purposes of enforcement." Docket No. 8, at ¶ 8. There is, at this juncture, no reason to suppose that such efforts will be needed. In the event that judicial enforcement is ultimately required, nothing prevents either party from filing a complaint and designating it as a "related case," per the Local Rules of this

Court.  *See* L.R. 40.1(g)(5).  Doing so will preserve judicial resources by directing the matter to the same judge.

It appears, therefore, that dismissal on these terms will promote efficiency by allowing the Court to close out this case, without substantially burdening the parties' rights to seek enforcement, should that prove necessary.

The parties have not submitted the required form to indicate whether they consent to the jurisdiction of a Magistrate Judge in this case.  Accordingly, I will treat this as a matter that is subject to the Report and Recommendation provisions of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts.

## CONCLUSION

I direct the Clerk to assign this matter to a District Judge for purposes of considering whether to adopt this Report and Recommendation.[1]

I recommend that Defendants' Assented-to Motion to Stay Civil Action and Submit Claims to Binding Arbitration Before the American Arbitration Association ("AAA") (Docket No. 8) be **DENIED** and that the clerk enter an order of dismissal without prejudice.

/s/ Paul G. Levenson
United States Magistrate Judge

Date: April 3, 2023

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).